Cunningham v. Turner.

WILLIAM CUNNINGHAM *versus* JOSEPH TURNER & *al.*

In an action upon a poor debtor's bond, where the justices have examined the notification to the creditor, and have found it to be in conformity with the law, their decision upon this point is conclusive; and it is not competent for the plaintiff to go behind their certificate, and raise subsequently any question as to the sufficiency of the notice, for the purpose of showing that the oath was improperly administered.

DEBT on a poor debtor's bond.

Two justices of the quorum certified, that the said Turner presented himself, and we the said justices, having examined the notification and return thereon, and having found the same regular and in due form, have proceeded in the examination of said Turner in the way and manner by statute provided, and upon the whole examination, being satisfied that said Turner's disclosure is true, and that he is entitled to the benefit of the act aforesaid, have proceeded to administer to him the oath by statute provided, and have made out and delivered to him a certificate thereof under our hands and seals, directed to the gaoler of said county, "according to the form of the statute in such case made and provided."

These proceedings were read in evidence at the trial, and the plaintiff then proposed to introduce evidence tending to show, that at the time of administering the oath, a surety on the bond had in his hands and possession, real estate belonging to the principal. To the admission of this evidence the defendants objected, but the Judge presiding at the trial overruled the objection, and admitted the testimony.

After the evidence had been closed, the cause was taken from the jury by consent of parties, who agreed, that if in the opinion of the Court the ruling was correct, the defendants were to be defaulted, if the defendants were liable upon the facts. But if in the opinion of the Court, the ruling was not correct, or that upon the other evidence the action could not be maintained, the plaintiff was to become nonsuit.

*W. Kelley*, argued for the plaintiff.

*W. G. Crosby*, for the defendants, cited 13 Serg. & R. 254; *Agry* v. *Betts*, 3 Fairf. 415; *Haskell* v. *Haven*, 3 Pick. 404; *Black* v. *Ballard*, 13 Maine R. 239; *Parkman* v. *Crosby*, 16 Pick. 302; 4 Cranch, 421; *Livermore* v. *Boswell*, 4 Mass. R. 438.

BY THE COURT. — We have decided in the case of *Cary* v. *Osgood & al.* 18 Maine R. 152, that where the justices have examined the notification to the creditor, and have found it to be in conformity with the law, their decision upon this point is conclusive; and that it is not competent for the plaintiff to go behind their certificate, and raise subsequently any question as to the sufficiency of the notice. The certificate of the justices in this case is, that the principal caused the creditor to be notified according to law. Having thereupon administered to him the oath, the condition of the bond was performed, and the evidence on the part of the plaintiff which was objected to, was not legally admissible.

*Judgment for the defendants.*